**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | | |
|---|---|---|
| AEROTEK, INC.,<br><br>Plaintiff,<br><br>v.<br><br>TAMPA BRASS AND ALUMINUM CORPORATION.<br><br>Defendant. | ) | Case No.:<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff Aerotek, Inc. ("Aerotek") alleges the following against Tampa Brass and Aluminum Corporation ("Tampa Brass").

**THE PARTIES**

1. Plaintiff Aerotek is a staffing services firm incorporated and authorized to transact business under the laws of the state of Maryland.

2. Aerotek's principal place of business is located at 7301 Parkway Drive South, Hanover, Maryland 21076.

3. Aerotek is therefore a citizen of Maryland.

4. Defendant Tampa Brass is a supplier of cast machined parts incorporated under the laws of Florida.

5. Tampa Brass's principal place of business is located at 8511 Florida Mining Boulevard, Tampa, Florida 33634.

6. Tampa Brass is therefore a citizen of Florida.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a), as this is a dispute over a sum of money in excess of $75,000 and is between citizens of different states.

8. There is complete diversity, pursuant to 28 U.S.C. § 1332, because Aerotek is a citizen of Maryland and Tampa Brass is a citizen of Florida.

9. This Court has general personal jurisdiction over Tampa Brass because of its status as a Florida corporation that operates within Florida.

10. The Court has specific personal jurisdiction over Tampa Brass because it entered into a Services Agreement with Aerotek for staffing services in Florida, and the claims in this suit arise from the contracted staffing services that were rendered in Florida.

11. Venue is proper in this District under 28 U.S.C. § 1391 because Tampa Brass resides within this venue, the contracted staffing services performed by Aerotek took place within this venue, and a substantial part of the events or omissions giving rise to the claim occurred within this venue.

## STATEMENT OF FACTS AND ALLEGATIONS

### Aerotek's Contract with Tampa Brass

12. Aerotek is a multi-industry staffing company that provides recruitment and staffing services for clients.

13. Aerotek provides contract employees to customers with staffing needs,

pays the contract employees directly, and is reimbursed by the customer per the terms of the executed Services Agreement.

14. In 2025, Tampa Brass engaged with Aerotek to provide supplemental staffing services.

15. On October 22, 2025, Tampa Brass entered into a Services Agreement (the "Agreement") with Aerotek for supplemental staffing services. A true and correct copy of the Agreement is attached hereto as Exhibit 1.

16. Under the Agreement, Aerotek and Tampa Brass agreed that "[t]he laws of the State of Maryland shall govern the validity and construction of this Agreement and any dispute arising out of or relating to this Agreement[.]" (Ex. 1, Section 15.16).

17. Pursuant to the Agreement, Aerotek and Tampa Brass agreed Tampa Brass would pay Aerotek for services rendered by contract employees based on invoices that Aerotek submitted to Tampa Brass on a weekly basis. (Ex. 1, Section 4).

18. Pursuant to the Agreement, Aerotek provided personnel to Tampa Brass to "provide services under [Tampa Brass's] management and supervision." (Ex. 1, Section 2.2).

19. Tampa Brass accepted Aerotek's staffing services and the work performed by the contract employees.

20. Aerotek timely submitted invoices to Tampa Brass for the staffing services and the work provided by the contract employees.

21. Under the Agreement, Tampa Brass agreed that invoices submitted to Tampa Brass by Aerotek were presumed to be accurate and fully payable on the terms

contained therein unless disputed by Tampa Brass within five (5) business days of Tampa Brass's receipt of the invoice. (Ex. 1, Section 4).

22. The Agreement provides that invoices that are more than seven (7) days past due are subject to a late charge of one percent (1%) per month on the amount of the past due balance. (Ex. 1, Section 5).

23. The Agreement also provides, in the event of default, Tampa Brass shall pay all expenses incurred by Aerotek in an effort to collect the debt, including, but not limited to, collection agency fees, court costs, and reasonable attorneys' fees. (Ex. 1, Section 7).

24. Tampa Brass failed to pay Aerotek for certain services provided between February 2026 through July 2026.

25. Tampa Brass never disputed the amount owed in the invoices or the outstanding balance.

26. Aerotek made numerous requests and demands upon Tampa Brass for payment of the invoiced staffing services provided by Aerotek to Tampa Brass.

27. Despite numerous inquiries and invoices from Aerotek about the growing outstanding balance, Tampa Brass has not paid the outstanding balance owed for staffing services and contract employees provided pursuant to the Agreement.

28. As a result of Tampa Brass's failure to pay, Tampa Brass owes Aerotek payment for staffing services and late fees, plus attorneys' fees, costs, expenses, and interest, as specified in the Agreement and as available under applicable law.

29. After accounting for payments, credits, and all lawful setoffs, Tampa

Brass owes Aerotek a principal balance of $270,001.44 and contractual late fees that continue to accrue.

## COUNT I—BREACH OF CONTRACT

30. Aerotek incorporates by reference and re-alleges each allegation in Paragraphs 1 through 29, as though fully set forth herein.

31. Through the Agreement, Aerotek and Tampa Brass executed a valid, binding, and enforceable contract for the provision of staffing services.

32. Under the Agreement, Tampa Brass agreed to pay for Aerotek's staffing services.

33. Aerotek performed work under the Agreement that totals $270,001.44 (plus late fees and collection fees).

34. Aerotek fully performed its duties under the Agreement.

35. All other conditions precedent to Aerotek's claim for relief have been performed, have occurred, or have been waived.

36. Tampa Brass failed to pay Aerotek for services rendered.

37. Tampa Brass's failure to pay Aerotek for work performed under the Agreement constitutes a material breach of the Agreement.

38. Aerotek has been damaged as a result of Tampa Brass's breach of the Agreement, in the amount of $270,001.44, plus contractual late fees that continue to accrue, additional late fees, collection fees, attorneys' fees, and additional pre-judgment and post-judgment interest, and costs.

WHEREFORE, Aerotek seeks a judgment against Tampa Brass and

Aluminum Corporation in an amount no less than $270,001.44, plus contractual late fees that continue to accrue, additional late fees, costs, expenses, collection fees, attorneys' fees, pre-judgment and post-judgment interest, and such further legal and equitable relief as this Court deems appropriate or such other amounts as determined by this Court.

## COUNT II—ACCOUNT STATED

39. Aerotek incorporates by reference and re-alleges each allegation in Paragraphs 1 through 29, as though fully set forth herein.

40. Aerotek and Tampa Brass entered into transactions wherein Aerotek provided staffing services to Tampa Brass from February 2026 through July 2026, and Tampa Brass promised to pay.

41. Aerotek invoiced Tampa Brass for these services in excess of $270,001.44, all of which was due and owing to Aerotek on or before August 7, 2026.

42. These transactions give rise to an indebtedness from Tampa Brass to Aerotek in the amount of $270,001.44 for staffing services Aerotek supplied and invoiced to Tampa Brass, plus late fees, interest, collection, and attorneys' fees that continue to accrue until payment in full is received.

43. Tampa Brass did not dispute or object to any invoices from Aerotek nor dispute the amount of the existing debt owed to Aerotek, as such, the account representing those transactions is true and the balance stated is correct.

44. Aerotek has made numerous demands upon Tampa Brass, reciting the amount of the existing debt owed by Tampa Brass to Aerotek.

45. Pursuant to the Agreement, Tampa Brass made an express promise to pay the amount of the existing debt owed by Tampa Brass to Aerotek.

46. Tampa Brass breached its express promise to Aerotek by failing to timely pay Aerotek for the staffing services Aerotek provided to Tampa Brass.

47. Tampa Brass's breach of its express promise to Aerotek caused damages to Aerotek in a sum in excess of $270,001.44 (plus late fees and collection fees). Also, pursuant to the Agreement and controlling law, Aerotek is entitled to recover its late fees, interest, collection fees, and attorneys' fees that continue to accrue until payment is received in full.

WHEREFORE, Aerotek seeks a judgment against Tampa Brass and Aluminum Corporation in an amount no less than $270,001.44, plus contractual late fees that continue to accrue, additional late fees, costs, expenses, collection fees, attorneys' fees, pre-judgment and post-judgment interest, and such further legal and equitable relief as this Court deems appropriate or such other amounts as determined by this Court.

## COUNT III—UNJUST ENRICHMENT
## (Pled in the Alternative to Count I)

48. Aerotek incorporates by reference and re-alleges each allegation in Paragraphs 1 through 29, as though fully set forth herein.

49. In the alternative to Count I, Tampa Brass is liable to Aerotek under the theory of unjust enrichment.

50. At all relevant times herein, Aerotek conferred benefits upon Tampa

Brass, by providing Tampa Brass with staffing services.

51. At all relevant times herein, Tampa Brass had knowledge of the benefits conferred by Aerotek.

52. Tampa Brass voluntarily accepted, retained, and received the benefits provided by Aerotek.

53. Aerotek enriched Tampa Brass by the benefits provided.

54. Tampa Brass has not paid Aerotek in full for the value of the benefits received.

55. Aerotek asserts that the remaining unpaid value of the benefits it conferred to Tampa Brass equals $270,001.44 (plus late fees and collection fees).

56. Despite the receipt of the enrichment, Tampa Brass refuses to make full payment to Aerotek for the enrichment received.

57. The enrichment to Tampa Brass is unjust.

58. The retention of benefits by Tampa Brass under these circumstances violates fundamental principles of justice, equity, and good conscience; the circumstances render Tampa Brass's retention of the benefits inequitable unless Tampa Brass pays Aerotek for the value of the benefit received.

59. As a result of Tampa Brass's unjust enrichment, Aerotek is owed in excess of $270,001.44 plus late fees, costs, expenses, collection fees, attorneys' fees, and additional pre-judgment and post-judgment interest.

WHEREFORE, Aerotek seeks a judgment against Tampa Brass and Aluminum Corporation in an amount no less than $270,001.44, plus additional late

fees, costs, expenses, collection fees, attorneys' fees, pre-judgment and post-judgment interest, and such further legal and equitable relief as this Court deems appropriate or such other amounts as determined by this Court.

**REQUEST FOR JURY TRIAL**

Plaintiff Aerotek, Inc. respectfully requests a trial by jury on all matters herein.

Dated: October 12, 2026

Respectfully submitted,

AEROTEK, INC.

*/s/ Matthew D. Bernstein*

Matthew D. Bernstein
mbernstein@shb.com
Florida Bar No. 92260
Delaney K. O'Neill
doneill@shb.com
Florida Bar No. 1054388
**SHOOK, HARDY & BACON L.L.P.**
Miami Center, Suite 3200
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: 305.358.5171
Facsimile: 305.358.7470

***Counsel for Plaintiff Aerotek, Inc.***